UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOANNE CAVAZOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-00859-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　Plaintiff Joanne Cavazos appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that, contrary to Plaintiff's contentions, the Administrative Law Judge ("ALJ") did not discredit Plaintiff's subjective symptoms as to the functional capacity of her left hand. Therefore, the Court affirms the ALJ's decision.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

　　Plaintiff filed her application for disability insurance benefits on May 6, 2010, alleging disability beginning July 19, 2006. Administrative Record ("AR") 23. After Plaintiff's application was denied, she requested a hearing

before an ALJ. AR 124-25. A hearing was held on January 18, 2012, at which Plaintiff testified, as did a vocational expert ("VE"). AR 65-105. On March 2, 2012, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled because she was capable of performing her past relevant work as a counter clerk. AR 23-36. As part of this ruling, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform "light work" with the following additional limitations:

> [T]he claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently with the dominant, right upper extremity; she can stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can sit for six hours out of an eight-hour workday with regular breaks; she must constantly flex her left hand, which allows her to perform only minimal handling and fingering with her left hand; she can occasionally push and pull with the left upper extremity; she cannot perform overhead reaching with the left upper extremity; and she can perform simple repetitive tasks.

AR 28. When presented with a hypothetical that contained these limitations, the VE testified that such a person would be capable of performing the work of a counter clerk as generally performed in the national and regional economies. AR 101-03. The ALJ relied on the VE's testimony to reach his unfavorable decision. AR 36.

## II.
## ISSUE PRESENTED

Plaintiff contends that the ALJ improperly discredited Plaintiff's subjective symptom testimony as to her ability to use her left hand. See Joint Stipulation ("JS") at 4-9.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. Id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

At her hearing, Plaintiff testified as follows about the limitations of her left hand:

> A: I was in surgery for six hours, and two days in the hospital. And now it's just -- I can't even move my hand at all. Like, I can't even, like, bend my fingers. I can't move it at all.
>
> [ . . . ]
>
> Q: Okay. The first question is about your ability to lift.

3

| | | |
|---|---|---|
| 1 | | How much do you think you could currently lift? |
| 2 | A: | Right now, I don't -- like, with my right arm? |
| 3 | Q: | Yes, we'll say with the right arm. |
| 4 | A: | Probably, like, maybe 15, 20 pounds, I think. |
| 5 | Q: | Okay. |
| 6 | A: | I don't know. Really haven't been lifting that much. |
| 7 | Q: | Okay. And with your left arm? |
| 8 | A: | Do anything. |
| 9 | Q: | Can't do anything? |
| 10 | A: | Uh-uh. |

11  Q: Okay. Let me -- since we're kind of on the subject of that, are you able to pick up anything with your left had [sic], such as, say, a pen from a table?

14  A: I can pick up a pen, but it -- it tends to fall out of my hand. A lot of stuff, like, falls out of my hand, because the way my hand is -- it's not grippable, because this is the way it -- like, this is as far as I could go.

18  Q: Okay.

19  A: So that's -- that was one of the reasons they were talking about, like, I don't know, cutting open my fingers, and cleaning it out, and breaking them, and try to see if I could get some kind of -- more movement.

23  [ . . . ]

24  Q: So that you would be able to, say, close the fist more, that --

26  A: That's what they're -- they're saying but, I said, are there any guarantees? They said, There's no -- there's no guarantees for anything. So I said, Well, then, I don't -- I don't

4

know. I'm just not -- I'm not ready for it right now.
AR 75, 83-85.

In order to determine whether a claimant's testimony about subjective symptoms is credible, an ALJ must engage in a specific two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter, 504 F.3d at 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883.

Here, the ALJ engaged in this analysis with respect to some of Petitioner's subjective complaints, finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 29.[1] However, the ALJ went on to find that Plaintiff's testimony about the "intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." Id.

In formulating Plaintiff's RFC, the ALJ repeatedly cited Plaintiff's subjective complaints regarding her left hand and arm in particular. The ALJ indicated that he had restricted Plaintiff's RFC to "minimal fingering and handling based on the claimant's subjective complaints," having "generously considered the claimant's subjective complaint that she could not form a fist

---

[1] The ALJ found that Plaintiff had several severe impairments in addition to the condition of her left hand and wrist, including joint disease in her left shoulder, obesity, and mood disorder. AR 25.

with her left hand." AR 34. The ALJ also indicated that because Plaintiff "was given the benefit of the doubt," the ALJ imposed "greater functional limitations regarding the use of [Plaintiff's] left hand" than were otherwise indicated by the medical evidence. Id. Finally, the ALJ indicated his limiting Plaintiff to simple, repetitive work was based on a "generous[] consider[ation] [of] her subjective complaint" about pain in her left arm. AR 35.

It therefore appears to the Court that the ALJ accepted, at least in significant measure, Plaintiff's subjective complaints about her left hand and arm. Quoting portions of Plaintiff's testimony out of context, Plaintiff contends that her subjective complaints required an RFC that completely barred the use of her left hand.[2] Viewed in its proper context, however, Plaintiff's testimony does not exclude all use of her left hand. Although Plaintiff made drastic statements about her inability to use her left hand in the context of testimony about her capacity for lifting and the serious impacts of a surgery that she underwent, she later clarified that although her ability to grip was limited, she could pick up objects. AR 84. The ALJ also observed during the hearing that Plaintiff retained some us of her left hand. See AR 84.

Considering Plaintiff's testimony as a whole, the ALJ's RFC assessment properly took into account Plaintiff's subjective symptoms. The limitation to minimal manipulative use of the left hand is consistent with Plaintiff's testimony that she can pick up some objects. Because the ALJ's RFC

---

[2] Plaintiff also claims that the medical evidence showing muscle atrophy in her left arm supports her contention that she is completely unable to use her left arm. See JS at 8-9. Although this evidence may suggest that Petitioner uses her right arm more than her left arm, such evidence would be consistent with the ALJ's finding that she is limited to minimal use of that hand. Plaintiff's muscle atrophy does not demonstrate that she is wholly unable to use her left arm and hand.

6

assessment was consonant with Plaintiff's testimony as to her subjective symptoms, the Court cannot disturb it. It is the responsibility of the ALJ to resolve conflicts or ambiguities in the evidence. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not second-guess those findings. See <u>Fair v. Bowen</u>, 885 F.2d 597, 604 (9th Cir. 1989).

## V.
## CONCLUSION

The ALJ's denial of Plaintiff's application for Social Security benefits was supported by substantial evidence in the record and contained no legal error. Accordingly, the Court AFFIRMS the Commissioner's decision.

Dated: <u>April 23, 2014</u>

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge